IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-93-268-CV





CHARLES T. CHANDLER,



 APPELLANT


vs.





JAMES EDWARD CHANDLER, WENDY CHANDLER MARCHBANKS


AND CITIZENS NATIONAL BANK OF MILAM COUNTY,



 APPELLEES


 




FROM THE DISTRICT COURT OF MILAM COUNTY, 20TH JUDICIAL DISTRICT



NO. 23,142, HONORABLE CHARLES E. LANCE, JUDGE PRESIDING



 





PER CURIAM



 The parties to this appeal have filed an agreed motion for modification of judgment,
for dismissal of the appeal, and for remand of the cause to the trial court for further proceedings. 
See Tex. R. App. P. 59(a)(1)(A). The motion requests this Court to take two inconsistent actions: 
(1) dismissal of the appeal and (2) modification of the judgment and remand of the cause. (1) 
Furthermore, the motion does not clarify whether the modification is to replace the trial-court
judgment completely or to replace only portions of that judgment. In this instance, the rendition
of a judgment as provided for in the parties settlement agreement is better left to the trial court.

 Accordingly, the portion of the motion that requests modification of the judgment
and dismissal of the appeal is overruled; the remainder of the motion is granted. The judgment
of the trial court is reversed and the cause is remanded for proceedings consistent with the Rule
11 settlement agreement of the parties. In accord with paragraph four of that agreement, we tax
the costs of appeal against appellant Charles T. Chandler. See Tex. R. App. 89.

 If this disposition does not accord with the parties' settlement agreement, the parties
may, of course, file a motion for rehearing in compliance with Tex. R. App. P. 100.


Before Justices Powers, Jones and Kidd

Reversed and Remanded on Agreed Motion

Filed: October 27, 1993

Do Not Publish
1. [1] The parties' settlement agreement states that the judgment "shall be modified . . . and, as
so modified, shall be affirmed . . . ." To dismiss the appeal would leave the trial-court judgment
intact, as if no party had perfected an appeal.